**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN MOSIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-05-1068-R |
| | ) |
| H. ALEXANDER, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered April 17, 2006 and Plaintiff's Objection filed May 3, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Supplemental Report and Recommendation to which Plaintiff objects.

First, Plaintiff objects to the use of a charge of attempted escape, of which Plaintiff says he was never convicted, to reduce Plaintiff's classification level. In this regard, Plaintiff states that DOC Policy OP-060103(M) states that a conviction is necessary for this purpose. The Magistrate Judge adequately addressed this objection. Plaintiff's remedy to the extent he seeks a restoration of his classification level and credits he would have earned if his classification level had not been reduced is pursuant to 28 U.S.C. § 2241 and that claim is barred by the doctrine of *res judicata*. See Supplemental Report at pp. 8-9 & 9-11. To the extent Plaintiff seeks damages and equitable relief predicated on the alleged deprivation of a liberty interest in receiving earned credits, Plaintiff has no liberty interest in earned credits because he is serving a sentence of life imprisonment. *See* Okla. Stat. tit. 57, § 138(A);

*Gamble v. Evans*, 2006 WL 293090 (10th Cir. Feb. 8, 2006) (No. 05-6283) (unpublished op.). Hence, Plaintiff's reclassification did not affect any liberty interest and no deprivation of due process has been shown.

In his second objection, Plaintiff asserts that U.S. District Judge Heaton in Plaintiff's prior habeas corpus proceedings, *see Mosier v. Calbone*, Case No. CIV-05-120-HE, did not rule on any issue other than that relief would not free the Plaintiff. That is not precisely true. What the Court in Plaintiff's prior habeas petition held was that because Petitioner is serving a life sentence he is not eligible for expedited release based on earned credits and "[w]ithout the possibility of earlier release, Mr. Mosier could not obtain a writ of habeas corpus even if his demotion had been unconstitutional." Report and Recommendation [Doc. No. 40] entered August 23, 2005 in Case No. CIV-05-120-HE, adopted in the Order [Doc. No. 43] entered September 23, 2005. The Court in that case also held that Mr. Mosier was not entitled to habeas relief on his claim that retroactive application of an agency rule pertaining to points for an escape or attempted escape violated the *ex post facto* clause because the effect on Mr. Mosier's punishment was speculative, predicated on the possibility Mosier's sentence might be commuted. *See id*. at pp. 4-6. For these reasons, the Magistrate Judge in the case before this Court concluded that to the extent Plaintiff is herein seeking restoration to level four and credits he would have earned if his classification level had not been reduced, Plaintiff's claim is properly brought pursuant to 28 U.S.C. § 2241 and that claim is barred by the doctrine of *res judicata. See* Supplemental Report and Recommendation at pp. 8-9 & 9-11.

In accordance with the foregoing, Plaintiff's objections to the Supplemental Report and Recommendation are without merit; the Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 41] is ADOPTED in its entirety; the motion of Defendants Alexander and Calbone to dismiss or in the alternative for summary judgment (Doc. No. 27) is GRANTED as to Plaintiff's claims in grounds one and two of the Complaint and those claims are DISMISSED with prejudice; the motion of Defendants Alexander and Calbone to dismiss or in the alternative for summary judgment (Doc. No. 27) is DENIED with respect to Plaintiff's First Amendment claim in ground three set forth in Plaintiff's Amended Complaint; and Plaintiff's claims against Defendant Ward are DISMISSED with prejudice pursuant to F.R.Civ.P. 4(m) based upon Plaintiff's failure to effect service of process on that Defendant.

**It is so ordered this 1st day of August, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE