**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOHN A. MOSIER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIV-05-1068-R |
| | ) |
| **H. ALEXANDER, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**O R D E R**

Before the Court is the Second Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered September 27, 2006. *See* Doc. No. 52. Plaintiff's Objection to the Second Supplemental Report and Recommendation was due on or before October 17, 2006. *See id.* at p. 11. Plaintiff did not file an Objection nor seek or obtain an extension of time in which to file an Objection, but on October 31, 2006 filed a "Supplemental Objection to Defendant's Second Motion for Summary Judgment." Doc. No. 53-1. The Court treats this pleading as an Objection to the Second Supplemental Report and Recommendation filed out of time and retroactively grants Plaintiff leave to file it. Plaintiff asserts that he should have been awarded compensatory damages but lacked the itemization of fees and costs from a paraprofessional law related service he employed to perform research, drafting and typing. He also suggests that he should be able to recover interest paid on a promissory note given to the paraprofessional law related service and the costs of this action.

As the Magistrate Judge pointed out, if the only injuries sustained by a prisoner as a result of a substantive constitutional violation are mental or emotional, as is the case herein,

42 U.S.C. § 1997e(e) forecloses an award for compensatory damages. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Costs incurred by Plaintiff, including costs for paralegal services, filing fees, postage and photocopying, are properly the subject of a bill of costs to be filed with the Court Clerk and served on Defendant not more than 14 days after entry of judgment herein pursuant to Local Civil Rule 54.1, as explained by the Magistrate Judge. *See* Doc. No. 52 at p. 10.

In accordance with the foregoing, the Second Supplemental Report of the Magistrate Judge is ADOPTED in its entirety; Defendant's Second Motion for Summary Judgment is GRANTED in part, as to Plaintiff's claims for injunctive relief and compensatory damages, and is DENIED in part, as to Plaintiff's claim for nominal damages; the Court, *sua sponte* GRANTS summary judgment in favor of Plaintiff on Plaintiff's § 1983 claim for a deprivation of his First Amendment right stemming from Defendant Sam Calbone's denial of Plaintiff's request for a kosher diet consistent with Plaintiff's Orthodox Jewish faith between October 2005 and March 21, 2006, and AWARDS Plaintiff nominal damages on this claim against Defendant Sam Calbone in the amount of one dollar; and the Court DENIES Plaintiff's request for an award of costs at this time without prejudice to reurging his request in a bill of costs timely filed and served pursuant to LCvR 54.1.

**It is so ordered this 7th day of November, 2006.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE